# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

**ISIDRO MARTINEZ RAMIREZ,**

    **Plaintiff,**

v.                                      Case No. 5:19-CV-0592-JKP

**RHONDA ROCKWELL, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

The Court has under consideration Plaintiff's Motion for Judgment by Default Against Defendant Ron Merritt (ECF No. 18) and his affidavit in support (ECF No. 19). For the reasons that follow, the Court denies the motion.

Plaintiff filed his Original Complaint (ECF No. 12) against three individual defendants, including Ron Merritt, on July 3, 2019. Within that pleading, he explained that (1) he has confirmed information that Merritt lives in Charlotte, North Carolina; (2) Merritt is now employed by Spectrio as Chief Financial Officer; and (3) "[t]hus, the only address then known to the plaintiff to have Defendant Merritt served with Summon & the Original Complaint is" at a Florida address for Spectrio. Using that address provided by Plaintiff, the United States Marshals Service certified that Merritt was served on August 5, 2019, either by certified mail or by leaving with a person of suitable age and discretion at that address. *See* ECF No. 21.

On August 12, 2019, before any defendant appeared in this action, Plaintiff filed a First Amended Complaint (ECF No. 15) in which he drops two defendants from the action. Based upon that amended complaint, Plaintiff sues only San Antonio Express-News and Ron Merritt.[1]

---

[1] The Court notes that the current docket sheet identifies one defendant as "Express News." It directs the Clerk of Court to identify that defendant as "San Antonio Express-News" as identified in the amended complaint.

Plaintiff filed this amendment as a matter of course in accordance with Fed. R. Civ. P. 15(a)(1) and his certificate of service indicates that he served Merritt with the amended pleading by mailing it to the same Florida address on August 12, 2019.

Plaintiff filed his motion for default judgment on September 9, 2019. In federal court, Fed. R. Civ. P. 55 governs entry of default judgment. Under that rule, a three-step process applies for obtaining a default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). As an initial matter, there must be an actual default, which "occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *Id.*; *accord* Fed. R. Civ. P. 55(a). In general, a defendant must serve an answer or otherwise respond "within 21 days after being served with the summons or complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). However, the filing of an amended pleading alters the response time as set out in Fed. R. Civ. P. 15(a)(3). Next, there must be an actual entry of default by the clerk under Rule 55(a), which occurs "when the default is established by affidavit or otherwise." *N.Y. Life Ins. Co.*, 84 F.3d at 141. And finally, once there is an entry of default, a "plaintiff may apply for a judgment based on such default." *Id.*

Parties are "not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citation omitted). Whether a court enters default judgment is committed to its sound discretion. *Id.* Entry of a default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

Based on the information before it, the Court has substantial concerns about whether the address Plaintiff provided for Defendant Merritt is sufficient to obtain valid service of process

upon him. It is Plaintiff's responsibility to provide an adequate address to serve each defendant. *See Morris v. Copart*, No. 4:15-CV-724, 2016 WL 6608874, at *2 (E.D. Tex. Nov. 9, 2016); *Clark v. ASC Mortg.*, No. 3:14-CV-4236-M, 2015 WL 3632562, at *1 (N.D. Tex. June 10, 2015) (accepting recommendation of Mag. J.); *Gonzalez v. Maneevese*, No. EP-12-CV-191-FM-RFC, 2013 WL 12099978, at *1 n.3 (W.D. Tex. June 12, 2013) (recommendation of Mag. J.) *accepted by* 2013 WL 12103081 (W.D. Tex. June 27, 2013), *aff'd*, 574 F. App'x 347 (5th Cir. 2014) (per curiam).

But those concerns aside, service upon an individual like Merritt is governed by Fed. R. Civ. P. 4(e). That rule provides that an individual may be served in two ways: (1) as provided for under the law of the state in which the district court is located, i.e., Texas, or (2) by any of the three methods set out in the federal rule, i.e., (A) "delivering a copy of the summons and of the complaint to the individual personally," (B) leaving copies of such documents "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (C) delivering a copy of the documents to an authorized agent.

None of the three federal methods were used in this case. Because Plaintiff did not provide a home address for Merritt, the Marshals Service could not utilize the second federal option. Nor did Plaintiff identify any authorized agent who could receive service on behalf of Merritt. And the Marshals did not deliver the documents to Merritt personally. Utilizing registered or certified mail is not equivalent to delivering documents to an individual personally. *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993) (per curiam) (addressing similar delivery requirement). Consequently, the Court must look to Texas law to determine whether Merritt has been properly served.

Absent prior court authorization, Texas law provides only two methods of service: (1) in person delivery and (2) mailing by registered or certified mail with "return receipt requested." Tex. R. Civ. P. 106(a). Texas also requires process servers to "complete a return of service," which must contain various information, including what was served, who was served, and the address and date of service. Tex. R. Civ. P. 107(a)-(b). And when service is "by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature." Tex. R. Civ. P. 107(c).

Through the Marshals Service, Plaintiff attempted service by registered or certified mail. But the return of service does not provide all information needed for the Court to determine whether Merritt was properly served. The return indicates that service was by certified mail to the address provided by Plaintiff and attaches a USPS Tracking page which states: "Your item was delivered to an individual at the address at 1:10 pm on August 5, 2019, in OLDSMAR, FL 34677." *See* ECF No. 21. Notably, the return of service contains nothing signed by the addressee, i.e., Merritt. It thus does not comply with Texas law.

For these reasons, Plaintiff has not shown that Merritt was "in default at the time he moved for entry of default by showing that [Merritt] was properly served with a summons and the complaint prior to moving for entry of default." *See Williams v. Waste Mgmt., Inc.*, No. 3:16-CV-2943-L-BN, 2017 WL 4570717, at *2 (N.D. Tex. Sept. 7, 2017) (recommendation of Mag. J.) *accepted by* 2017 WL 4548474 (N.D. Tex. Oct. 12, 2017). A defendant does not become "susceptible to default" until the plaintiff effects service upon that defendant. *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999). Accordingly, a plaintiff "cannot obtain a default judgment" until the defendant has been properly served. *Thompson v. Johnson*, 348 F. App'x 919, 923 (5th Cir. 2009) (per curiam).

From the information before it, the Court does not find Merritt to be in default. Plaintiff's motion thus fails at the first step of the three-step process. It also fails at the second step because the clerk has made no entry of default. And, although Plaintiff has moved for default judgment based upon a perceived default by Merritt, he has not made such motion based upon any entry of default under Rule 55(a). The Court thus **DENIES** Plaintiff's Motion for Judgment by Default Against Defendant Ron Merritt (ECF No. 18) without prejudice.

SIGNED this 3rd day of October, 2019.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE